United States District Court
Southern District of Texas
**ENTERED**
June 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BERNARD RENE VARGAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00082 |
| | § | |
| JERRY SANCHEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Bernard Rene Vargas (TDCJ No. 00880106) is a Texas inmate currently confined at the McConnell Unit in Beeville, Texas. He is proceeding *pro se*. United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for case management and screening in accordance with 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. As set forth below, the undersigned characterizes this petition as an application for habeas relief and **RECOMMENDS** the Court dismiss this action with prejudice.

### I. BACKGROUND

Mr. Vargas has filed numerous nonsensical petitions, complaints, pleadings, motions, requests, objections and other documents. (D.E. 1, 2, 4, 5, 6, 8, 9, 10, 11, 18, 19, 20, 22, 24, 25). The undersigned will not attempt to decipher all of Petitioner's frivolous pleadings, however, a brief introduction to some of what he has filed is instructive. On March 2, 2022, Petitioner filed a "Notice of Claim" referring to himself as

Amensuyahtehutishakti. (D.E. 1). Petitioner names Jerry Sanchez as the Respondent. Mr. Sanchez is currently the Senior Warden at the TDCJ McConnell Unit. In his initial pleading (D.E. 1), Petitioner requests the Clerk of Court to:

> file the enclosed requisition (writ and pleading) as a private claim and exclude the media and public. Seal the case/claim.[1] This claim is a proceeding under international law applicable through the supremacy clause Art. VI United States Constitution Treaty of United States herein universal declaration of human rights, international covenant on the civil and political rights. I have issued a release in which it is my intent to indemnify all officials involved in this claim in order to initiate private proceedings for the proper disposition of the private international matter. . .

On March 2, 2022, the Court also received from Petitioner a petition for writ of habeas corpus under 28 U.S.C. § 2241, completed on AO Form 242. (D.E. 2). In his Petition, without explanation, he states:

> I am challenging my confinement as I am being held under color of law in violation of Law of Nations as I am Kamou (Indigenous).

(D.E. 2). Petitioner provides no further information with regard to his habeas application. On March 23, 2022, the Court received Petitioner's Omnibus Motion wherein he requested, among other things, that this claim be assigned to a "master in chancery" and that the Court take judicial notice he is proceeding under the "law of the flag" and that the "foregoing release was issued through the sovereign domain of het maat (pure trust) by duly authorized officer Amensuyahtehutishakti" (D.E. 6). Petitioner also provides notice of joinder

---

[1] United States District Judge Nelva Gonzales Ramos denied this request on March 7, 2022. (D.E. 3).

wherein he is adding U.S. Attorney General Merrick Garland based on a purported $1,000,000.00 promissory note payable to Amensuyahtehutishakti. (D.E. 6).

On April 20, 2022, the undersigned ordered the Clerk of Court to mail Petitioner a blank §2254 form and to complete the form and return it to the Court on or before May 20, 2022. (D.E. 15). On May 11, 2022, the Court received another petition for writ of habeas corpus under 28 U.S.C. § 2241, completed on AO Form 242. (D.E. 19). In this document Petitioner alleges he is being held by state authorities under a "constructive bailment." (D.E. 19). Petitioner indicates he is serving a sentence imposed on April 7, 1998 from the 187th Judicial District Court in Bexar County, Texas in Case Number 1998-CR-4324. Petitioner appears to be requesting release from custody "[b]y operation of local customs/law tender of Bill of exchange to a person authorized to enforce the draft." (D.E. 19, Page 6).

On June 3, 2022, the Court received a handwritten document entitled "Amended Pleading." (D.E. 24). In this pleading Petitioner seeks release from custody based on incoherent arguments that he is being held unlawfully in "constructive bailment." (D.E. 24). It appears Petitioner has mailed various officials documents he refers to as "sight drafts" or "claims" and that these documents are in the amounts of millions of dollars, and according to Petitioner, this "tender of payment" somehow requires his release from custody. (D.E. 24).

## II.     JURISDICTION

The undersigned finds Petitioner is seeking a writ of habeas corpus to be released from custody.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  Petitioner's place of incarceration is in Bee County in the Corpus Christi Division of the Southern District of Texas, 28 U.S.C. § 124(b)(6).[2]

## III.    ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review prior to any answer or other pleading by the state.  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254, Rule 4.  This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

---

[2] The undersigned declines to construe Petitioner's case as a civil action for damages because those liberally construed claims would also be dismissed as frivolous on screening and it would result in the Court ordering the collection of the $350.00 filing fee from Plaintiff's inmate account.  *See* 28 U.S.C. § 1915(b)(1).  However, Petitioner is **CAUTIONED** that if he persists in filing frivolous actions he may be required to pay the full civil action filing fee.

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Petitioner does not raise any valid arguments or claims suggesting that his conviction is infirm.  He fails to make any coherent factual or legal argument that his conviction should be set aside.  All of Petitioner's filings in this case are meandering and incomprehensible.  He cites general propositions of law and vague legal theories that have no application to the present case.  His references to liens and promissory notes resemble the flawed and universally rejected claims made by persons typically associated with the sovereign citizen's movement.

So-called sovereign citizens attempt to use references to the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses in legal proceedings wherein the citations are inapplicable or irrelevant. *E.g., Mason v. Anderson*, No. CV H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016).  Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011).  While Petitioner may not refer to himself as a sovereign citizen, the documents he has filed have all the same characteristics of that movement.  Courts routinely dismiss such claims early in the proceedings.

Petitioner has been given an opportunity to file an amended petition.  On April 20, 2022, the undersigned ordered Petitioner to complete and return to this Court a completed § 2254 form.  (D.E. 15).  While Plaintiff did not strictly comply, he did complete and file

a § 2241 form (D.E. 19), which has been considered by the undersigned in making this recommendation. Additionally, on June 3, 2022 the Court received Petitioner's hand-written "Amended Petition" which the undersigned has also considered. (D.E. 24). Petitioner has had three opportunities to plead grounds for habeas relief, therefore, the undersigned recommends he not be granted further leave to amend.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** this habeas action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. 28 U.S.C. § 2254, Rule 4.

ORDERED on June 28, 2022.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).