United States District Court
Southern District of Texas
**ENTERED**
February 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BERNARD RENE VARGAS, | § |
| Petitioner, | § § § |
| VS. | §  CIVIL ACTION NO. 2:22-CV-00082 |
| JERRY SANCHEZ, | § § § |
| Defendant. | § |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Petitioner Bernard Rene Vargas is a state prisoner incarcerated at the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ) McConnell Unit in Beeville, Texas. D.E. 2. He filed this habeas action on March 2, 2022. *Id*. On June 28, 2022, the Magistrate Judge issued a Memorandum and Recommendation (M&R), recommending that Petitioner's action be dismissed with prejudice. D.E. 26. Petitioner has filed timely objections to the M&R, each of which will be address below. D.E. 27; D.E. 31.[1]

First, Petitioner objects stating that the Magistrate Judge was without jurisdiction and failed to follow proper procedures. D.E. 27. This case was properly referred to the Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) which does not require the consent of the parties. The Magistrate Judge had proper jurisdiction and followed the

---

[1] Document 27 was improperly filed twice. *See* D.E. 29. In addition, the first page of Document 31 is an old filing that the Court has already addressed. *See* D.E. 18; D.E. 22.

correct procedures under Federal Rule of Civil Procedure 72 in making his recommendation to this Court. Petitioner's first objection is therefore **OVERRULED**.

Second, Petitioner alleges that the Magistrate Judge failed to add certain "real parties in interest," listing people that were not listed in his complaint and who seem to have no connection to this case. *See* D.E. 2; D.E. 27. For a habeas claim, the proper respondent is the person who has custody over the petitioner. 28 U.S.C. § 2242. Jerry Sanchez is therefore the proper respondent in this case and Petitioner's second objection is improper and **OVERRULED**. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (to be considered, the objection must point out with particularity the error in the magistrate judge's analysis).

Third, Petitioner argues that this dismissal should be without prejudice. *See* D.E. 31, pp. 6-11. The Magistrate Judge recommended that the habeas petition be dismissed under Rule 4 of the Rules Governing § 2254 Cases. D.E. 26, p. 6. A dismissal with prejudice is proper under this section. *See, e.g.*, *Balzan v. United States*, No. 3:12-CV-4815-D-BK, 2012 WL 6965062, at *2 (N.D. Tex. Dec. 11, 2012), *report and recommendation adopted*, No. 3:12-CV-4815-D, 2013 WL 373438 (N.D. Tex. Jan. 31, 2013). The Court therefore **OVERRULES** Petitioner's third objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation

to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections to the M&R and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED with prejudice**.

ORDERED on February 27, 2023.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE